IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROBERT JEROME BASKINS; CANDACE M. BASKINS; ROBERT JOSEPH BASKINS; and EVA BASKINS, <br><br> Plaintiffs, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendants. | CASE NO. 3:22-CV-03471-SAL |

**DEFENDANTS' JOINT MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH FEDERAL RULES AND A COURT ORDER**

Pursuant to Federal Rules of Civil Procedure 37(b) and 41(b), Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and Equifax Information Services, LLC ("Equifax") (collectively, "Defendants") respectfully move the Court to dismiss this lawsuit with prejudice because *pro se* Plaintiffs Robert Jerome Baskins and Candace M. Baskins[1] ("Plaintiffs") have failed to cooperate with discovery, failed to comply with Federal Rules of Civil Procedure, and failed to comply with an order of the Court.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs filed a Complaint on August 29, 2022. Experian removed the case to this Court on October 7, 2022. In their generic shotgun Complaint, Plaintiffs allege claims against Defendants pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). Although the

---

[1] Plaintiffs Robert Joseph Baskins and Eva Baskins have reached settlement agreements with all Defendants, and Defendants expect claims brought by these two Plaintiffs will be dismissed within the next 30-60 days.

Complaint boasts a total of 161 paragraphs, the *factual* allegations of the Complaint (paragraphs 60 through 89) are sparse and group all four original Plaintiffs together without any differentiation pertaining to each individual Plaintiff. *See* Complaint, ECF Doc. 1.² For instance, Plaintiffs do not make any factual allegations in the Complaint that would permit the Defendants to determine which information is allegedly inaccurate; which of the three distinct Defendants allegedly reported the allegedly inaccurate information; which of the 11 accounts listed in the Complaint were reported on which Plaintiff's file and by which Defendant; which Plaintiff disputed what credit information with which Defendant; which Plaintiff allegedly submitted a fraud affidavit; which Defendant prepared and provided a credit report pertaining to which Plaintiff and to what creditor; which Plaintiff has applied for credit, to whom, and with what result; and which Plaintiff suffered what specific damages.

On December 19, 2022, prior to the withdrawal of Plaintiffs' counsel and Plaintiffs' subsequent notification of their intent to proceed *pro se*, the parties jointly submitted a Discovery Plan, in which they agreed to exchange Rule 26(a) initial disclosures no later than January 4, 2023. Each Defendant served Rule 26(a) initial disclosures on or before January 4, 2023. Neither of the remaining Plaintiffs served their mandatory Rule 26(a) disclosures.

On March 1, 2023, the Court entered an Amended Scheduling Order. *See* ECF Doc. 24. *See also* ECF Doc. 37 (text order confirming that ECF Doc. 24 still governs despite the withdrawal

---

² By way of example only: "***Plaintiffs'*** files are mixed with credit information and personal identifying information which does not belong to ***Plaintiffs***"; the mixed credit information which exists in ***Plaintiffs'*** credit files has included tradelines and collections such as [11 listed accounts]"; "***Plaintiffs*** disputed the accuracy of the credit information and personal identifying information with [Defendants]"; "***Plaintiffs*** have included identity theft affidavits with their disputes"; "[Defendants] prepared and distributed one or more consumer reports . . . pertaining to ***Plaintiffs*** that contained misleading or inaccurate information"; "***Plaintiffs*** have requested a copy of their . . . credit files"; "***Plaintiffs*** have applied for credit"; "***Plaintiffs*** have suffered damages . . . ."

of Plaintiffs' counsel). In the operative Scheduling Order, the Court set forth specific deadlines for the parties, including a close of discovery deadline of **September 1, 2023**.

Between January and mid-April, 2023, Defendants Equifax and Experian served initial interrogatories, requests for production of documents, and requests for admission upon each Plaintiff, and Defendant Trans Union served initial interrogatories and requests for production of documents. *See* ECF Doc. 45 (Joint Motion to Compel) at pp. 1-3 and Exhibits thereto (complete history of discovery served by Defendants as of May 1, 2023).

Between April 10, 2023 and April 25, 2023, Defendants separately received "responses" from each Plaintiff that consisted of nothing more than a printout of the discovery requests with a handwritten message at the top of the first page that contained some variation of the following statement: **"I do not feel comfortable answering these questions and was advised to disregard."** *See id.*, at pp. 3-4 and Exhibits thereto (complete history of Plaintiff's "responses" to discovery).[3]

Because Plaintiffs refused to provide written responses to <u>any</u> of the Defendants' discovery requests and refused to produce documents in response to the discovery requests, Defendants filed a Joint Motion to Compel Plaintiffs' Discovery Responses on May 1, 2023 ("Defendants' MTC").

---

[3] In April 2023, Plaintiff Candace Baskins emailed counsel for Trans Union and attached a few miscellaneous documents, including Trans Union's Answer. Several of the documents appear to pertain only to Plaintiffs who have settled with Defendants, and the vast majority of the documents either do not identify the Plaintiff to which they purport to pertain or do not distinguish between the two "Robert Baskins" Plaintiffs. Most of the documents are incomplete. Most significantly, Plaintiff did not identify if or how any of these documents were responsive to any of the Defendants' discovery requests (several of which had not even been served yet), nor did Plaintiff send any documents to any other Defendant. To the contrary, Plaintiff Candace Baskins – like all four Plaintiffs – clearly indicated that she *was not* responding to discovery and that she *did not intend to* respond to Defendants' discovery. *See id.*

*Id.* Plaintiffs did not file any opposition or response to Defendants' MTC, nor did Plaintiffs respond to any of the outstanding discovery.

On June 22, 2023, while Defendants' MTC was still pending, the parties attended and participated in a mandatory Settlement Conference with Magistrate Judge Kevin F. McDonald. At that conference, Judge McDonald discussed with Plaintiffs the importance of participating in the discovery process and informed Plaintiffs of the possibility of sanctions for continued failure to do so. Nonetheless, even after the Settlement Conference, Plaintiffs continued to fail and/or refuse to respond to Defendants' long overdue discovery.

On June 26, 2023, this Court granted Defendants' MTC, noting that Plaintiffs had filed no response to the motion. In granting the MTC, the Court stated:

> Certain Defendants [Experian and Equifax] also request that their requests for admissions be deemed admitted pursuant to Fed. R. Civ. P. 36. Insomuch as Plaintiffs are proceeding pro se and were not informed of the detrimental effect of not admitting or denying the requests for admissions, the court declines to hold that Defendants' requests for admissions are deemed admitted by Plaintiffs. **However, the remaining Plaintiffs in this case following the resolution of mediation, Robert Jerome Baskins and Candace M. Baskins, are now so informed and are directed to respond to all discovery requests from Defendants no later than July 5, 2023**. **Plaintiffs' failure to comply with this order may result in sanctions, including dismissal of this case for failure to prosecute and/or assessment of costs and attorneys' fees for Plaintiffs failure to cooperate in discovery**.

ECF Doc. No. 68 (text order) (emphasis added).

Despite the express warning contained in the Court's June 26, 2023 Order, neither remaining Plaintiff served <u>any</u> written response to <u>any</u> discovery request(s) served by any Defendant by July 5, 2023 -- or at any time thereafter. Moreover, neither Plaintiff has produced any documents responsive to any Defendant's document requests.

Finally, also on June 26, 2023, Trans Union served requests for admissions upon each Plaintiff. (Trans Union's First Requests for Admissions to each Plaintiff are attached hereto as

4

Exhibit A). Plaintiffs' responses were due to be served no later than Monday, July 31, 2023. Again, despite being warned of the consequences of a failure to respond (both in Defendants' MTC and the Court's order granting Defendants' MTC), neither Plaintiff responded to Trans Union's requests for admission as of the date of filing this Motion.

II.     ARGUMENT

    A.     **Plaintiffs' Failure to Participate in Discovery and Failure To Comply With Court Orders Warrants Dismissal Under The Federal Rules of Civil Procedure.**

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that a Court may order sanctions – including dismissal – if a party "fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a)." *See* Fed. R. Civ. P. 37(b)(2)(A)(v). When evaluating a motion to dismiss under Rule 37, the Fourth Circuit considers four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

Similarly, Federal Rule of Civil Procedure 41(b) confers on district courts the authority to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In the Fourth Circuit, courts must consider four factors when considering a motion to dismiss pursuant to Rule 41: "(1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal." *Woods v. Wells Fargo Bank, N.A.*, C/A No.: 3:10-3160-SVH, 2012 U.S. Dist. LEXIS 23051, *9 (D.S.C., Feb. 23, 2012), citing *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

When ruling on a motion under Rules 37 and 41, "Courts have held . . . the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for dismissal for failure to prosecute under Fed. R. Civ. P. 41," and therefore, "the Court can combine its analysis of the question of whether dismissal is appropriate under both Rules." *Woods v. Wells Fargo Bank, N.A.*, C/A No.: 3:10-3160-SVH, 2012 U.S. Dist. LEXIS 23051, *9-10 (D.S.C., Feb. 23, 2012) (quotations and citations omitted). Here, whether considered under Rule 37 or 41, all four factors weigh in favor of dismissal.

<u>First</u>, Plaintiffs' failure to respond to discovery, *even after being ordered to do so by the Court*, indicate their flagrant disregard for both the Federal Rules of Civil Procedure and this Court's discovery order. Because they are proceeding *pro se*, Plaintiffs are responsible for their actions and affirmative decisions to refuse to respond to discovery. *See Woods,* at *10 ("Plaintiff is proceeding *pro se*, so she is entirely responsible for her actions. It is solely through Plaintiff's neglect, and not that of an attorney, that she has not fully responded to the Written Discovery . . .") Moreover, Plaintiffs here have not even attempted to provide an excuse for their refusal to participate in discovery. Like the plaintiff in *Woods*, Plaintiffs "have acted in bad faith as [they have] ignored court orders . . . and ha[ve] provided no reasonable basis for failing to do so." *Id.*

Despite their status as *pro se* litigants, Plaintiffs "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (*pro se* complaint dismissed with prejudice for failure to obey court order despite warning). Plaintiffs are charged with knowing and complying with the Federal Rules of Civil Procedure, and to the extent they require guidance in this regard, the District's website provides links to both the Federal Rules of Civil Procedure and the Local Rules of this District. *See* www.scd.uscourts.gov.

Moreover, the Court's website offers an entire section called "Pro Se / Representing Yourself," which includes a link to a manual called "Information on Representing Yourself In a Civil Action (Non-Prisoner)" (hereinafter, "Pro Se Guide"). *Id.* This guide clearly informs *pro se* litigants that "[i]t is your responsibility to comply with the Federal Rules of Civil Procedure (FRCP), the Local Rules of this District, and any statutes and rules that may apply to your particular case." Pro Se Guide, at 5. This same guide also warns litigants – in bold and with an asterisk – "* **A party who does not respond to a discovery request may be subject to sanctions, which may include dismissal of your action if you are the plaintiff . . .**" *Id.,* at 16 (emphasis in original).

Even if Plaintiffs failed to avail themselves of the public resources available to them regarding compliance with court rules governing the lawsuit they filed, Plaintiffs have "had ample notice that their failure to properly engage in discovery in this action could result in its dismissal." *Woods*, at *10-11. On June 26, 2023, the Court specifically warned Plaintiffs that they are "now so informed" "of the detrimental effect of not admitting or denying the requests for admissions," including the fact that Federal Rule of Civil Procedure 36 deems such requests admitted if no timely response is served. ECF Doc. 68 (text order); Fed. R. Civ. P. 36(a)(3).

In that same Order, the Court warned Plaintiffs that "failure to comply with this order" requiring that Plaintiffs respond to all Defendants' discovery by July 5, 2023 "may result in sanctions, **including dismissal of this case** for failure to prosecute . . ." ECF Doc. 68 (emphasis added). Plaintiffs' bad faith in refusing to respond to Defendants' discovery, even after being notified of the potential consequences for continuing to do so, merits dismissal of Plaintiffs' claims. *See, e.g., Samadi v. United States*, C/A No. 3:16-562-DCC-PJG, U.S. Dist. LEXIS 77424, *6 (D.S.C. April 17, 2018) (dismissal warranted when plaintiff "had exhibited bad faith by failing

to comply with the court's order requiring her to respond to the defendant's discovery requests"), *report and recommendation adopted by* 2018 U.S. Dist. LEXIS 77149 (D.S.C. May 8, 2018).

Second, Defendants are clearly prejudiced by Plaintiffs' continued refusal to provide written responses to Defendants' discovery requests. As noted *supra*, Plaintiffs' Complaint is a quintessential shotgun pleading and fails to put any Defendant on notice of the factual basis of any claim brought by any specific Plaintiff against any specific Defendant.[4] Without discovery, Defendants have no idea what specific claims are being brought and on what factual basis, and it is therefore impossible for Defendants to evaluate the case and prepare their respective defenses. *See Woods*, at *11-12 (finding prejudice and ordering dismissal for failure to cooperate with discovery because "Plaintiff's failure to participate in the prosecution of her case has impeded Defendants' ability to complete discovery and has made it impossible to prepare their defense in this action."); *James v. Nielsen Media Research*, C/A No. 6:15-3052-TMC-KFM, 2016 U.S. Dist. LEXIS 79281, *5-6 (D.S.C., Apr. 28, 2016) (finding prejudice and ordering dismissal because plaintiff's refusal to participate in discovery "interfered with the defendants' ability to obtain any information from the plaintiff about his claims"), *report and recommendation adopted by* 2016 U.S. Dist. LEXIS 78995 (D.S.C. June 17, 2016); *Samadi*, U.S. Dist. LEXIS 77424 at *6 (finding prejudice and dismissing complaint because plaintiff's refusal to respond to discovery "hinder[ed] the defendant's ability to defend itself against [plaintiff's] claims").

---

[4] Plaintiff's Complaint is subject to dismissal on these grounds alone. *See, e.g., McCrea v. Fargo*, Civ. Action. No. RDB-18-2490, 2019 U.S. Dist. LEXIS 101312, *18-19 (D. Md., June 17, 2019) (a shotgun pleading is one that "renders impossible any attempt to decipher which allegations of fact are intended to support which claims or relief" and/or "renders fruitless any attempt to discern which Defendants are allegedly responsible for which alleged acts of misconduct," and is subject to dismissal for failure to comply with pleading rules).

Moreover, Defendants are prejudiced because they have now been forced to expend significant time, money, and resources attempting to obtain basic discovery responses and filing a motion to compel to obtain an order on which still did not result in discovery responses from Plaintiffs.[5] *See Samadi,* at *6 (prejudice found because defendant incurred time an expense in attempting to procure discovery from plaintiff and engaging in motions practice related thereto).

Finally, Defendants have been prejudiced by Plaintiffs' refusal to provide any discovery responses because this case has a September 1, 2023 close of discovery deadline. Without Plaintiffs' responses to <u>basic</u> discovery requests, Defendants are, *at a minimum*, (i) unable to fully prepare for the depositions of Plaintiffs,[6] (ii) unable to identify whether any third party discovery needs to be conducted, as is typical in FCRA cases, and (iii) unable to truly determine whether an affirmative expert is needed. Due to Plaintiffs' actions, it is almost certain that Defendants will be unable to comply with the Court's Scheduling Order to complete discovery by September 1, 2023.[7]

<u>Third</u>, it is important to note that Plaintiffs have not just neglected to provide discovery responses, nor have they simply missed a deadline. To the contrary, **each Plaintiff specifically informed each Defendant in writing that they had no intention of responding to discovery**. *See* ECF Doc. 45 (Joint Motion to Compel) at pp. 3-4 and Exhibits thereto. Plaintiffs then

---

[5] Defendants also note that, although all Plaintiffs attended, Plaintiffs Robert Jerome Baskins and Candace Baskins refused to participate in the mandatory settlement conference with Magistrate Judge McDonald, which required significant preparation, time, and travel by all Defendants and their attorneys.

[6] In an effort to comply with the operative Scheduling Order, on August 2, 2023, Trans Union noticed Plaintiffs' depositions for August 24 and 25, 2023. However, as explained herein, Defendants are unable to fully prepare for these depositions without the basic discovery responses and documents that Plaintiffs have refused to provide.

[7] In light of these difficulties caused entirely by Plaintiffs, Defendants have also requested, via separate Motion filed contemporaneously herewith, that the Court stay any pending deadlines pending the resolution of this Motion to Dismiss.

resolutely stuck to this decision *even after* being informed by the Court, during the Settlement Conference and in the Court's Order granting Defendants' MTC, that their case might be dismissed if they persisted in their refusal to cooperate in discovery. "Plaintiff's pattern of flagrant disregard for this court and for Defendants is a waste of valuable time and resources and cannot be reasonably tolerated further." *Woods*, at 13. When litigants ignore the Federal Rules and court orders, it undermines a court's ability to manage a case effectively and fairly, and such conduct must be deterred.

Fourth, there is no indication that a lesser sanction would be effective. Plaintiffs have had responsive and discoverable information and documents readily available to them since the outset of litigation. Plaintiffs have been warned multiple times of the potential consequences of failing to cooperate with the discovery process: in the *pro se* materials provided on the District Court website, by Judge McDonald at the settlement conference, and – most significantly – by this Court when it granted Defendants' Motion to Compel. And, Plaintiffs have specifically been warned by the Court that their continued refusal to engage in discovery after July 5, 2023 could result in the dismissal of their lawsuit. *See* ECF Doc. 68 (text order).

But the threat of sanctions has fallen upon deaf ears, and Plaintiffs continue to ignore the Federal Rules and this Court's Order by not responding to Defendants' discovery requests – despite the fact that the discovery period is set to close in less than a month. That Plaintiffs appear unmotivated by the threat of lesser sanctions is particularly evident in the fact that Plaintiffs have now refused to respond to Trans Union's requests for admission, which were served after the Court put Plaintiffs on notice of the potential consequences of refusing to respond. Quite simply, Plaintiffs' consistent conduct fails to demonstrate that they are willing to follow the Federal Rules

or this Court's Orders. Plaintiffs have given the Court no reason to believe a lesser sanction will be effective.

Finally, while a "lesser" sanction of deeming Defendants' requests for admission as admitted is available to the Court,[8] this sanction would not aid the larger purpose of achieving the orderly and expeditious disposition of cases. *See, e.g.*, *Zaczek v. Fauqier County, Va.*, 764 F. Supp. 1071 (E.D. Va. 1991) (granting motion to dismiss for failure to prosecute, stating that the sanction of dismissal "provides the control necessary to achieve the orderly and expeditions disposition of cases"). Specifically, because the requests to admit include admissions that Plaintiffs' claims have no merit, this "alternative" sanction would provide solid and irrefutable support for a motion for summary judgment by all Defendants and would therefore have the *same practical effect* as a dismissal – while requiring the unnecessary and wasteful expenditure of more time, effort, and judicial resources. "District courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient an expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Imposing the "lesser sanction" (as required by Rule 36) of deeming Defendants' requests for admission as admitted would not promote the efficient resolution of this case. Because no lesser sanction would be appropriate or effective, Plaintiff's Complaint should be dismissed with prejudice.

### B. In the Alternative, the Court Should Judicially Acknowledge Defendants' Requests for Admissions to be Admitted, Judicially Acknowledge Any Objections to Defendants' Discovery Waived, and Preclude Plaintiffs From

---

[8] This "lesser sanction" – *really just an enforcement of the mandate of Rule 36* – would be warranted and particularly appropriate since the Court <u>specifically</u> put Plaintiffs on notice of this <u>particular</u> requirement of Federal Rule 36 in its June 26, 2023 Order. ECF Do. 68 ("Certain Defendants also request that their requests for admission be deemed admitted pursuant to Fed. R. Civ. P. 36. Insomuch as Plaintiffs are proceeding pro se and were not informed of the detrimental effect of not admitting or denying the requests for admissions, the court declines to hold that Defendants' requests for admissions are deemed admitted by Plaintiffs. **However, the remaining Plaintiffs . . .** *are now so informed* . . .")

11

**Using Any Documents Not Previously Produced In Response to Defendants' Discovery.**

Plaintiffs' responses to Trans Union's initial discovery requests were due in February; their responses to Equifax's discovery requests were due in April; and their responses to Experian's discovery requests were due in early May. Despite indicating their affirmative intent <u>not</u> to respond to any discovery in this case, Plaintiffs were given <u>additional</u> time – through July 5 – to respond to this discovery. ECF Doc. 68 (text order). Plaintiffs were warned of the potential consequences of a continued failure to comply. *Id.* And yet, Plaintiffs <u>still</u> did not provide discovery responses to any Defendant, nor did they serve any response to Trans Union's Requests for Admissions served after that date. For these reasons, as more fully explained *supra*, Plaintiffs' claims should be dismissed.

Should the Court determine that dismissal is not warranted, however, Plaintiffs should not reap benefits from their noncompliance by being given even more time. Instead, Defendants request the following alternative relief. <u>First</u>, the Court should acknowledge in a Court order that each of Defendants' requests for admission are deemed admitted, as mandated by Federal Rule of Civil Procedure 36 ("A matter ***is admitted*** unless" the recipient of the request responds in writing within 30 days of the request) (emphasis added). Plaintiffs did not respond in 30 days. Plaintiffs did not respond after the Court ordered them to do so. And Plaintiffs did not respond after the Court specifically put them on notice that failure to respond could result in the requests being deemed admitted. Plaintiffs do not need any more leeway as a reward for their discovery abuses, and Defendants' requests to admit should all be judicially recognized as admitted.

<u>Second</u>, the Court should acknowledge in an order that any objections Plaintiffs may later attempt to raise in response to Defendants' discovery requests – *months* after they received service of the discovery requests – have all been waived. Pursuant to Federal Rule of Civil Procedure 33,

"[a]ny ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).  Plaintiff has not shown any cause – "good" or otherwise – for their direct refusal to cooperate with discovery, and any objections they may propose to each Defendants' interrogatories are waived. Similarly, Rule 34 requires objections to be set forth in writing within 30 days of a request for production. Fed. R. Civ. Pro. 34(b)(2)(A)-(B). While a court may extend the time to respond to requests for production, Plaintiffs have not and cannot show any good cause for the Court to do so in these circumstances (nor have they even tried). Neither of the two remaining Plaintiffs has set forth any written objection to any request for production, neither has provided any excuse for not doing so, and both have specifically stated an intent not to cooperate with written discovery. Moreover, neither responded to Defendants' MTC. Therefore, all objections are deemed waived. *See, e.g., United Prop. & Cas. Ins. V. Couture*, No. 2:19-cv-01856, 2020 U.S. Dist. LEXIS 82556, *13 (D.S.C., May 11, 2020) (finding that objections to interrogatories and requests for production that were not made within the time specified by the rules were waived, since no evidence demonstrating good cause was provided).

  <u>Third</u>, Defendants request that, if the Court does not dismiss Plaintiffs' Complaint, the Court should preclude Plaintiffs from using any documents they may later produce in response to discovery – *months* late and less than a month before the close of discovery – in support of their claims. Plaintiffs should be precluded from using such documents in depositions, motions, and any trial in this case. Again, Plaintiffs have given no excuse for their intentional decision to stimy Defendants' efforts to conduct basic discovery, and at this eleventh hour, Defendants would be severely prejudiced by a production of documents on the eve of the close of discovery.

Plaintiffs' disregard of the discovery rules and the Court's order has irreparably harmed and prejudiced Defendants. Each Defendant "has a right to defend itself to question a Plaintiff in pretrial discovery in order to test the facts underlying her claims, and to learn of any witnesses or evidence that could support [the] [p]laintiff's claims. The liberal discovery rules governing civil cases therefore require [the plaintiff to] appear[] and participat[e] in discovery efforts or, at a minimum, [make] a timely objection[.]" *Wyche v. Virginia State University,* 2005 U.S. District LEXIS 8705, at *7 (E.D. Va., April 12, 2005). Instead, Plaintiffs have "simply ignored defense counsel, making it impossible for the defense to properly proceed." *Id.* Such conduct, also present here, amounts to prejudice justifying an order in Defendants' favor.

### III.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court dismiss all of Plaintiffs' claims for failure to prosecute.

In the alternative, Defendants request an order of the Court (a) acknowledging that all requests for admission served by all Defendants are admitted; (b) acknowledging that any objections Plaintiffs may attempt to raise are waived; and (c) preclude Plaintiffs from using, for any purpose, any documents produced after the date of this Motion.

Respectfully submitted,

*/s/Lyndey R. Z. Bryant*
Lyndey R. Z. Bryant (Fed. ID No. 11506)
ADAMS AND REESE LLP
1221 Main Street, Suite 1200
Columbia, South Carolina 29201
Telephone: 803-212-4958
Facsimile:  803-779-4749
lyndey.bryant@arlaw.com

*Counsel for Defendant Experian Information Solutions, Inc.*

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

*/s/ Rita Bolt Barker*
Rita Bolt Barker (Fed. ID No. 10566)
Wyche, P.A.
200 East Broad Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 242-8235
Facsimile:  (864) 235-8900
E-mail:  rbarker@wyche.com

-and

Eric Barton (Georgia Bar No. 040704)
   (admitted pro hac vice)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
Email:  ebarton@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services LLC*

*/s/Wilbur E. Johnson*
Wilbur E. Johnson (Fed. ID No. 2212)
CLEMENT RIVERS, LLP
P.O. Box 993
25 Calhoun Street, Suite 400
Charleston, South Carolina 29401
Telephone: (843) 724-6659
Facsimile:  (843) 579-1332
wjohnson@ycrlaw.com

-and-

Amanda Loughmiller
   (admitted pro hac vice)
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
aloughmiller@qslwm.com

*Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Wilbur E. Johnson
wjohnson@ycrlaw.com
Clement Rivers, LLP
Post Office Box 993
Charleston, South Carolina 29402
(843) 724-6659
***Counsel for Trans Union, LLC***

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
200 E Broad Street, Suite 400
Greenville, SC 29601
(864) 242-8235
***Counsel for Equifax Information Services, LLC***

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail and electronic mail to the following non-CM/ECF participants:

Robert Joseph Baskins
2652 Bethune Road
Bethune, SC 29009
***Pro Se Plaintiff***

Robert Jerome Baskins
baskinsrobert03@gmail.com
2652 Bethune Road
Bethune, SC 29009
***Pro Se Plaintiff***

Candace M. Baskins
baskinscandace@gmail.com
2652 Bethune Road
Bethune, SC 29009
***Pro Se Plaintiff***

Eva Baskins
2652 Bethune Road
Bethune, SC 29009
***Pro Se Plaintiff***

        *s/Lyndey R. Z. Bryant*
        Lyndey Bryant (Federal ID No.: 11506)
        **ADAMS AND REESE LLP**
        1221 Main Street, Suite 1200
        Columbia, SC 29201
        Telephone: (803) 212-4958
        Facsimile:  (803) 779-4749
        lyndey.bryant@arlaw.com
        ***Counsel for Experian Information Solutions, Inc.***

August 7, 2023.