IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Jerome Baskins, Candace M. Baskins, Robert Joseph Baskins, and Eva Baskins,<br><br>Plaintiffs,<br><br>vs.<br><br>Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC,<br><br>Defendants. | C/A No.: 3:22-3471-MGL-SVH<br><br><br><br>REPORT AND RECOMMENDATION |

Robert Jerome Baskins and Candace M. Baskins ("Plaintiffs") brought this case against Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and Equifax Information Services, LLC ("Equifax") (collectively, "Defendants") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").[1]

This matter comes before the court on Defendants' joint motion to dismiss Plaintiffs' claims for failure to prosecute and failure to comply with the Federal rules and a court order. [ECF No. 73]. All pretrial proceedings were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ.

---

[1] Defendants represent they have reached settlement agreements with Robert Joseph Baskins and Eva Baskins, with stipulations of dismissal anticipated to be filed within 60 days. [*See* ECF No. 73 at 1 n.1].

Rule 73.02(B)(2)(e) (D.S.C.). For the following reasons, the undersigned recommends the district judge grant Defendants' motion.

I.  Background

Plaintiff originally filed suit in the Kershaw County Court of Common Pleas, and Defendants removed the case to this court on December 7, 2022. [ECF No. 1]. Plaintiffs, at that time, were represented by counsel.

On December 19, 2022, while Plaintiffs were still proceeding with counsel, the parties jointly submitted a discovery plan, in which they agreed to exchange Fed. R. Civ. P. 26(a) initial disclosures no later than January 4, 2023. [ECF No. 20]. Each defendant served timely Rule 26(a) initial disclosures. Defendants state that Plaintiffs failed to submit initial disclosures, and Plaintiffs' counsel sought to withdraw on February 21, 2023. [*See* ECF No. 73 at 2, ECF No. 23].

On March 1, 2023, the court entered an amended scheduling order that set September 1, 2023 as the discovery deadline. [*See* ECF No. 24; *see also* ECF No. 37 (text order confirming that ECF Doc. 24 still governs despite the withdrawal of Plaintiffs' counsel)].

Between January and mid-April, 2023, Defendants issued discovery requests to Plaintiffs. [*See* ECF Nos. 45-2, 45-3, 45-6, 45-7, 45-8]. Between April 10, 2023 and April 25, 2023, Defendants separately received responses from each plaintiff that consisted of a printout of the discovery requests with a

2

handwritten message at the top of the first page that contained some variation of the following statement: "I do not feel comfortable answering these questions and was advised . . . to disregard." [ECF Nos. 45-4, 45-9, 45-10].[2]

On May 1, 2023, Defendants filed a joint motion to compel Plaintiffs' discovery responses. [ECF No. 45]. Plaintiffs filed no opposition.[3] On June 26, 2023, the court granted Defendants' motion to compel and included the following:

> Certain Defendants [Experian and Equifax] also request that their requests for admissions be deemed admitted pursuant to Fed. R. Civ. P. 36. Insomuch as Plaintiffs are proceeding pro se and were not informed of the detrimental effect of not admitting or denying the requests for admissions, the court declines to hold that Defendants' requests for admissions are deemed admitted by Plaintiffs. However, the remaining Plaintiffs in this case following the resolution of mediation, Robert Jerome Baskins and Candace M. Baskins, are now so informed and are directed to respond to all discovery requests from Defendants no later than July 5, 2023. Plaintiffs' failure to comply with this order may result in sanctions, including dismissal of this case for failure to prosecute and/or assessment of costs and attorneys' fees for Plaintiffs' failure to cooperate in discovery.

---

[2] Defendants represent that in April 2023, Plaintiff Candace Baskins emailed counsel for Trans Union and attached documents, including Trans Union's Answer and that these documents pertained to the plaintiffs that settled, do not identify which plaintiff they pertain to, are incomplete, and do not "identify if or how any of these documents were responsive to any of the Defendants' discovery requests." [*See* ECF No. 73 at 3 n.3].

[3] On June 22, 2023, the parties attended and participated in a mandatory settlement conference with Magistrate Judge Kevin F. McDonald. [ECF Nos. 46 67]. Defendants represent that at the conference, Judge McDonald discussed with Plaintiffs the importance of participating in the discovery process and informed them of the possibility of sanctions for continued failure to do so. [ECF No. 73 at 4].

[ECF No. 68].

Following issuance of the above order, the court received the following letters from Plaintiff Robert Baskins, stating in relevant part as follows:

> Amanda Loughmiller said to give her the documents and she would relay it to the other attorneys but I also sent it to all attorneys and I am going to submit emails showing I have sent it to the attorneys . . . .
>
> To whom it may concern, We had our settlement conference today and during which the defendants attorneys stated that they have not received any evidence from us, in which, is false. I have emails showing that we sent them evidence and documents were returned to them. We also received responses back from them showing it was received . . . . And since my evidence was not made aware and was told to court that they didn't receive it, this was false representation.

[ECF Nos. 70, 72].

The court has not received any emails or any other indication that at any point during this litigation Plaintiffs have produced responses to Defendants' discovery requests, except as discussed above. Defendants represent that Plaintiffs have still failed to respond to the relevant discovery requests, despite the court's order directing them to do so. [ECF No. 73 at 4]. Additionally, on June 26, 2023, Trans Union served requests for admissions upon each plaintiff. [ECF No. 73-1]. Defendants represent that Plaintiffs have failed to respond to Trans Union's requests for admissions.

Defendants filed this motion on August 7, 2023. [ECF No. 73]. Plaintiffs

failed to file a response, and the time to do so has expired.[4]

II.  Discussion

    A.  Legal Standard

Fed. R. Civ. P. 41(b) authorizes the court to dismiss an action if a plaintiff fails to comply with the Federal Rules of Civil Procedure. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice." *Jenkins v. S.C. Elec. & Gas*, C/A No. 2:14-4139-RMG-BM, 2016 WL 11407772, at *2 (D.S.C. Feb. 1, 2016) (citations omitted), report and recommendation adopted, C/A No. 2:14-4139-RMG, 2016 WL 693493 (D.S.C. Feb. 19, 2016) (dismissing case with prejudice pursuant to Fed. R. Civ. P. 41(b)). Whether to dismiss an action under Rule 41(b) is a matter for the court's discretion. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit provides a four-prong test for Rule 41(b) dismissal that requires courts to consider: (1) the degree of personal responsibility of the plaintiff; (2) the

---

[4] On September 6, 2023, Plaintiff Robert Baskins filed a letter that states in full:
> To whom it may concern, This has been going on for months, they are holding my life up including things that are being sent by mail. The bureaus won't respond to complaints filed with the CFPB. What am I supposed to do at this point. The CFPB said they were waiting on one response months ago. If you look at what Tim Scott's office investigated was way after that and they are already done.

[ECF No. 79]. Attached to this letter appears to be certain documents Plaintiff Robert Baskins received from Experion and Equifax. [ECF Nos. 79-1, 79-2].

5

amount of prejudice caused the defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. *Jenkins*, 2016 WL 693493 at *2 (citing *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)).[5] Dismissal with prejudice is a "harsh sanction which should not be invoked lightly." *Chandler*, 669 F.2d at 920 (citing *Davis*, 588 F.2d at 70).

Fed. R. Civ. P. 37 defines the sanctions a court may levy on a party who refuses to cooperate in discovery. Rule 37(d) provides that a court may order sanctions, including dismissal, if a party, after being properly served with interrogatories or requests for production fails to serve its answers, objections, or written response. Fed. R. Civ. P. 37(d)(1)(A), (d)(3); *see also* Fed. R. Civ. P. 37(a)(5)(A). Additionally, sanctions are appropriate where a plaintiff has impeded, delayed, and frustrated fair examination of her as a deponent. Fed. R. Civ. P. 30(d)(2).

---

[5] The standards for dismissal under either Fed. R. Civ. P. 41(b) or 37 "are virtually identical." [*See* ECF No. 90 at 9 (citing Mut. Fed. *Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (providing the following four-part test for dismissal pursuant to Fed. R. Civ. P. 37: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.")))].

B.   Analysis

Plaintiffs' actions warrant dismissal of this case with prejudice. First, Plaintiffs' failure to respond to discovery, even after being ordered to do so by the court, indicate their disregard for both the Federal Rules of Civil Procedure and this court's discovery order. Even though they are proceeding pro se, Plaintiffs are responsible for their actions and affirmative decisions to refuse to respond to discovery. *See, e.g., Woods v. Wells Fargo Bank, N.A.*, C/A No. 3:10-3160-SVH, 2012 WL 601872, at *4 (D.S.C. Feb. 23, 2012) ("First, Plaintiff is proceeding pro se, so she is entirely responsible for her actions. It is solely through Plaintiff's neglect, and not that of an attorney, that she has not fully responded to the Written Discovery and that she failed to appear for her depositions.") (citing *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir.1989) (stating that pro se litigants are subject to the same respect for court orders as other litigants)). Moreover, Plaintiffs have failed to provide any excuse for their refusal to participate in discovery. Like the plaintiff in *Woods*, Plaintiffs "have acted in bad faith as [they have] ignored court orders . . . and ha[ve] provided no reasonable basis for failing to do so." *Id.*

Second, Defendants have been prejudiced by Plaintiffs' continued refusal to participate in discovery. Defendants argues that "Plaintiffs' Complaint is a quintessential shotgun pleading and fails to put any Defendant on notice of the factual basis of any claim brought by any specific Plaintiff against any specific

7

Defendant." [ECF No. 73 at 8]. Without discovery, Defendants are unable to determine what specific claims are brought based on which specific facts, rendering it difficult, if not impossible, for Defendants to mount an adequate defense. As also noted by Defendants, they have been prejudiced in that they have spent significant time, money, and resources in attempting to secure the relevant discovery prior to the expiration of the court-ordered deadlines.

Third, Plaintiffs' conduct has been ongoing. Plaintiffs repeatedly have been informed that participation in discovery is not optional. This is not an instance of missed deadlines but, instead, Plaintiffs have affirmatively refused to participate in discovery and have repeatedly failed to offer any legitimate reasons for their refusal to do so.

Finally, there is no indication that a lesser sanction would be effective. Although "Federal Courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone." *Jenkins*, 2016 WL 11407772, at *3 (citations omitted); *Cooper v. Spartanburg Sch. Dist. 7*, C/A No. 7:150-3072-JMC-JDA, 2017 WL 9289401, at *4 (D.S.C. Feb. 24, 2017) (recommending dismissal of pro se plaintiff's case and finding bad faith where the plaintiff failed to follow the court's order to provide discovery responses and instead "indicated that discovery was ongoing" when it was not, failed to answer questions in his initial deposition, and failed to attend his reconvened deposition ordered by the

8

court); *Evans v. Land Star Transportation Logistic, Inc.*, C/A No. 0:15-3521-JFA-SVH, 2016 WL 11397826, at *1 (D.S.C. May 12, 2016) (recommending dismissal where the pro se plaintiff repeatedly failed to provide any discovery responses notwithstanding two orders from the court directing him to do so); *Williams v. Wal Mart Stores*, C/A No. 1:17-734-DCC-PJG, 2018 WL 3235601, at *1 (D.S.C. May 3, 2018) (recommending dismissal of pro se plaintiff's case where he failed to provide discovery responses following two orders by the court directing him to do so); *Gilbert v. City of Spartanburg*, C/A No. 7:16-03088-MGL-JDA, 2017 WL 1040725, at *3 (D.S.C. Feb. 24, 2017) (recommending dismissal where the pro se plaintiff repeatedly failed to comply with more than one order of the court, did not provide the defendants with discovery, and did not communicate with the defendants); *Jones v. Wal-Mart*, C/A No. 8:10-988-JMC-JDA, 2011 WL 7445488, at *3 (D.S.C. Oct. 28, 2011) (recommending dismissal where the pro se plaintiff repeatedly failed to comply with more than one order of the court).

It appears Plaintiffs have had responsive and discoverable information and documents readily available to them since the outset of litigation. Plaintiffs have been warned multiple times of the potential consequences of failing to cooperate with the discovery process including in the pro se materials provided on the District Court website, by Judge McDonald at the settlement conference, and by this court when it granted Defendants' motion to compel.

Based on the assessment of the relevant factors, the undersigned recommends dismissal of this action with prejudice.[6]

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendants' motion to dismiss for failure to prosecute and failure to comply with Federal rules and a court order. [ECF No. 73].

IT IS SO RECOMMENDED.

October 2, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[6] Given the recommendation above, it is unnecessary to address Defendants' alternative request for relief, that the "Court Should Judicially Acknowledge Defendants' Requests for Admissions to be Admitted, Judicially Acknowledge Any Objections to Defendants' Discovery Waived, and Preclude Plaintiffs From Using Any Documents Not Previously Produced In Response to Defendants' Discovery." [ECF No. 73 at 11–14].

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).